# EXHIBIT A

# SUMMONS - CIVIL
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | (203) 503-6800 | NOVEMBER 9, 2021 |

| | | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| ☒ Judicial District | ☐ G.A. Number: | NEW HAVEN | Major: M   Minor: 90 |
| ☐ Housing Session | | | |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (860) 296-3457 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes   ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to) mparadisi@cicchielloesq.com; and dmclean@cicchielloesq.com |
|---|---|---|

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: LEZAMA, ALEJANDRO<br>Address: 144 MEADOW PARK DR., MILFORD, CT 06461 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: FAIRHAVEN COMMUNITY HEALTH CLINIC, INC --- 374 GRAND AVE., NEW HAVEN, CT 06513<br>Address: AGENT: RICHARD COAN ESQ., 495 ORANGE ST., NEW HAVEN, CT 06511 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

THIS IS A TRUE COPY
ATTEST: 10/19/2021
David J. Salafia
STATE MARSHAL
NEW HAVEN COUNTY

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Matthew D. Paradisi | Date signed<br>10/11/2021 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
|  | C 10 | Construction - State and Local |
|  | C 20 | Insurance Policy |
|  | C 30 | Specific Performance |
|  | C 40 | Collections |
|  | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
|  | E 10 | Redevelopment Condemnation |
|  | E 20 | Other State or Municipal Agencies |
|  | E 30 | Public Utilities & Gas Transmission Companies |
|  | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
|  | M 10 | Receivership |
|  | M 20 | Mandamus |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
|  | M 40 | Arbitration |
|  | M 50 | Declaratory Judgment |
|  | M 63 | Bar Discipline |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |
|  | M 68 | Bar Discipline - Inactive Status |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
|  | M 83 | Small Claims Transfer to Regular Docket |
|  | M 84 | Foreign Protective Order |
|  | M 90 | All other |
| Property | P 00 | Foreclosure |
|  | P 10 | Partition |
|  | P 20 | Quiet Title/Discharge of Mortgage or Lien |
|  | P 30 | Asset Forfeiture |
|  | P 90 | All other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | T 03 | Defective Premises - Private - Other |
|  | T 11 | Defective Premises - Public - Snow or Ice |
|  | T 12 | Defective Premises - Public - Other |
|  | T 20 | Products Liability - Other than Vehicular |
|  | T 28 | Malpractice - Medical |
|  | T 29 | Malpractice - Legal |
|  | T 30 | Malpractice - All other |
|  | T 40 | Assault and Battery |
|  | T 50 | Defamation |
|  | T 61 | Animals - Dog |
|  | T 69 | Animals - Other |
|  | T 70 | False Arrest |
|  | T 71 | Fire Damage |
|  | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | V 05 | Motor Vehicles* - Property Damage only |
|  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | V 09 | Motor Vehicle* - All other |
|  | V 10 | Boats |
|  | V 20 | Airplanes |
|  | V 30 | Railroads |
|  | V 40 | Snowmobiles |
|  | V 90 | All other |
|  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | W 90 | All other |

| | |
|---|---|
| RETURN DATE: NOVEMBER 9, 2021 : | SUPERIOR COURT |
| ALEJANDRO LEZAMA : | J.D. OF NEW HAVEN |
| VS. : | AT NEW HAVEN |
| FAIRHAVEN COMMUNITY HEALTH : | |
| CLINIC, INC. : | OCTOBER 11, 2021 |

## COMPLAINT

1. The Plaintiff in this matter, Alejandro Lezama ("Plaintiff"), was at all times relevant to this Action a resident of Milford, Connecticut.

2. The Defendant, Fairhaven Community Health Clinic, Inc., is a domestic corporation, with a business address of 374 Grand Avenue, New Haven, Connecticut 06513.

3. Plaintiff commenced employment with Defendant on or about January 20, 2020.

4. Plaintiff is male.

5. At all times relevant, Plaintiff was a Billing Specialist for Defendant and was paid at a rate of $18.75 per hour.

6. At all times relevant, Plaintiff performed his work at or above satisfactory levels.

7. On or about June 28, 2019, while Plaintiff was retrieving a document from one of Defendant's shared department printers, he encountered a document which displayed a list of salaries which included himself and another female Billing Specialist.

8. The document depicted Plaintiff's female co-worker, also a Billing Specialist, as earning $23.75 per hour, $5.00 per hour more than Plaintiff was earning at the time, performing the same or similar work.

9. At all times relevant, Plaintiff was equally or more qualified to perform the work of Billing Specialist than his similarly situated female comparator.

10. In light of being informed that he was being paid disparately as compared with his similarly-situated female co-worker, who was performing identical work, Plaintiff spoke with Diana Guzman, a Defendant human resources representative, on or about June 29, 2021.

11. During the course of the ensuing conversation, Plaintiff requested an increase in salary to $23.75 per hour, to match the rate at which Defendant was paying a female performing the exact work Plaintiff was performing.

12. In response, Guzman conveyed that Plaintiff was entitled to backpay and a salary increase, and would be setting up a meeting with other human resources representatives and Therese Marrocco, Defendant's Vice President of human resources.

13. Plaintiff continued to work without issue through on or about July 8, 2021.

14. On or about July 8, 2021, Plaintiff was called into a meeting with Marrocco.

15. During the course of the subject meeting, Plaintiff conveyed in form or substance that Defendant's practice of paying Plaintiff $5.00 less per hour than his similarly-situated female counterpart was a violation of the Equal Pay Act.

16. Plaintiff further conveyed that he had specific training in his field, and was likely more qualified to perform the position than his female counterpart.

17. In response, Marrocco conveyed to Plaintiff that at the $18.75 per hour rate, Plaintiff was at the median Billing Specialist salary, and accordingly, she would not be increasing his hourly rate.

18. Marrocco, during the course of the subject meeting, further stated to Plaintiff, "I don't care about the Equal Pay Act. We can pay you whatever we want."

19. Plaintiff, in response to Defendant's apparent deliberate disregard for the law, stated that he intended to file a complaint based on Defendant's clear violation of the Equal Pay Act, and its discriminatory and disparate treatment of him based on his sex.

20. Immediately, and in response to Plaintiff conveying his intent to file a complaint of discrimination, Marrocco stated to Plaintiff, "I don't think this is working out. You don't seem to share in the Fair Haven vision."

21. Marrocco then informed Plaintiff that his last day on the job would be Friday, July 9, 2021, terminating Plaintiff's employment.

22. On July 9, 2021, Plaintiff's last day of work based on his conversation with Marrocco the preceding day, Plaintiff emailed his supervisor, Gilda DiScala, memorializing the conversation he had with Marrocco on July 8, 2021, and stating, inter alia, "[P]er my discussion with Therese [Marrocco] which I'm sure you are probably aware of, she said I did not share in the Fair Haven Vision and said today would be my last day. That I was being laid off."

23. Defendant did not respond to the foregoing email.

24. Instead, and on or about July 19, 2021, Defendant forwarded Plaintiff a letter, terminating him on the basis of his purported "no call/no show absences" over the course of the period between July 12, 2021 and July 19, 2021—the week following his termination. The letter falsely conveyed that Plaintiff had not been laid off the preceding week, and further falsely conveyed that Defendant had "made several attempts to reach

[Plaintiff]" in response to his July 9, 2021 email, wherein he had indicated that Defendant had terminated his employment.

25. The letter concluded by characterizing Plaintiff's failure to report to work as a basis for Defendant construing him as having "voluntary[ily] resign[ed]" his employment.

26. Plaintiff did resign his employment.

27. Defendant terminated Plaintiff's employment, effective July 9, 2021.

28. Any and all reasons Defendant has proffered for its adverse employment action against Plaintiff are false and/or pretext to mask its unlawful discriminatory and retaliatory intent.

**COUNT ONE:** **VIOLATION OF THE EQUAL PAY ACT, 29. U.S.C. § 206(d)**

29. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

30. Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 206(d)(1).

31. Defendant discriminated between its employees on the basis of sex by paying wages to Plaintiff, a male employee, at a rete less than the rate at which it paid to female employees, despite the subject work requiring equal skill, effort, and responsibilities, under similar working conditions.

32. Defendant's violation of the Equal Pay Act was willful.

33. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, and has incurred or will incur attorneys' fees and costs.

COUNT TWO:       VIOLATION OF C.G.S. § 31-75

34. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

35. Defendant is an employer within the meaning of C.G.S. § 31-75.

36. Plaintiff is an employee within the meaning of C.G.S. § 31-75.

37. Defendant paid Plaintiff at a rate less than the rate at which the employer paid wages to one or more employees of the opposite sex for comparable work on a job, when viewed as a composite of skill, effort, and responsibility and performed under similar working conditions.

38. Defendant discriminated in the amount of compensation paid to Plaintiff on the basis of sex in violation of C.G.S. § 31-75.

39. As the Labor Commissioner has not been assigned Plaintiff's claim, this Court has jurisdiction pursuant to C.G.S. § 31-76(b), which provides, in pertinent part, that "an action to redress a violation of section 31-75 may be maintained in any court of competent jurisdiction by any one or more employees."

40. As a result of Defendant's unlawful practices, as aforesaid, Plaintiff has sustained compensatory damages, and has incurred or will incur attorneys' fees and costs.

41. Defendant's violation of C.G.S. § 31-75 was intentional and/or committed with reckless indifference to Plaintiff's rights, entitling Plaintiff to punitive damages.

COUNT THREE:     VIOLATION OF C.G.S. § 31-40z

42. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

43. Defendant is an "employer" within the meaning of C.G.S. § 31-40z(a)(1).

44. Plaintiff is an "employee" within the meaning of C.G.S. § 31-40z(a)(2).

45. Defendant discharged, disciplined, discriminated against, retaliated against, or otherwise penalized Plaintiff for inquiring about the wages of another employee of Defendant.

46. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**WHEREFORE, Plaintiff prays for the following relief:**

1. Money damages;
2. Reinstatement, or in lieu thereof, front pay;
3. Punitive Damages pursuant to C.G.S. § 31-75 and 31-40z;
4. Liquidated damages pursuant to the Equal Pay Act;
5. Attorneys' fees and costs of this Action as to all counts; and
6. All other awardable relief.

PLAINTIFF,
ALEJANDRO LEZAMA

BY: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mparadisi@cicchielloesq.com

| | |
|---|---|
| RETURN DATE: NOVEMBER 9, 2021 : | SUPERIOR COURT |
| ALEJANDRO LEZAMA : | J.D. OF NEW HAVEN |
| VS. : | AT NEW HAVEN |
| FAIRHAVEN COMMUNITY HEALTH CLINIC, INC. : | OCTOBER 11, 2021 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.

PLAINTIFF,
ALEJANDRO LEZAMA

BY: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mparadisi@cicchielloesq.com