## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ALEJANDRO LEZAMA,** | ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) | **3:21-CV-01506-VLB** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FAIR HAVEN COMMUNITY HEALTH** | ) | |
| **CLINIC, INC.,** | ) | |
| **Defendant.** | ) | |
| | ) | **JANUARY 19, 2022** |

### JOINT RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:**          **November 10, 2021 (Notice of Removal)**

**Date Complaint Served:**          **Served on October 19, 2021**

**Date of Defendant's Appearance:**          **November 10, 2021.**

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on December 20, 2021 when counsel for the parties exchanged a draft of this report.  The participants were: Matthew D. Paradisi and Brendan N. Gooley.

**I.     CERTIFICATION**

The undersigned counsel, after consultation with their clients, and any self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and possibility for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

II.    JURISDICTION

A.    <u>Subject Matter Jurisdiction</u>

The Defendant removed the action to the District of Connecticut, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

B.    <u>Personal Jurisdiction</u>

The parties do not contest personal jurisdiction.

III.    BRIEF DESCRIPTION OF CASE

A.    <u>Claims of Plaintiff</u>

In Count One, Plaintiff alleges that Defendant violated the Equal Pay Act, 29 U.S.C. § 206(d), in that it discriminated between its employees on the basis of sex by paying wages to Plaintiff, a male employee, at a rate less than the rate at which it paid to female employees, despite the subject work requiring equal skill, effort, and responsibilities, under similar working conditions.

In Count Two, Plaintiff alleges that Defendant violated C.G.S. § 31-75 by paying Plaintiff at a rate less than the rate at which the employer paid wages to one or more employees of the opposite sex for comparable work on a job, when viewed as a composite of skill, effort, and responsibility, performed under similar working conditions.

In Count Three, Plaintiff alleges that Defendant violated C.G.S. § 31-40z(a)(2), by discharging him in retaliation for inquiring about the wages of another employee of Defendant.

**B.   <u>Defenses and Claims of Defendant</u>**

**Fair Haven Community Health Clinic, Inc. ("FHCHC") denies Plaintiff's claims and will defend against Plaintiff's claims on a variety of grounds, which it is still evaluating.**

**Those defenses may include, but are not limited to:  (1) that it based compensation on:  (a) a merit system; (b) a seniority system; (c) a system which measures earnings by quantity or quality of production; and/or (d) a differential based on any other factor other than sex; (2) that Plaintiff failed to mitigate his damages, including but not limited to, failing to return to work and voluntarily resigning; (3) that Plaintiff's equitable and/or other claims are barred by his unclean hands, including but not limited to his unprofessional and inappropriate behavior and comments; (4) that its actions were taken in good faith and that it had reasonable grounds for believing that its actions were not a violation of any law and were not willful; (5) that Plaintiff's allegations are inaccurate and that the actual facts do not establish any violation of any law; (6) that Plaintiff's claims are barred, in whole or in part, by an applicable statute of limitations; (7) that Plaintiff failed to exhaust his administrative remedies, including FHCHC's internal grievance procedure and/or any other administrative process; (8) that FHCHC is entitled to any setoffs allowed by law; and (9) that Plaintiff's claims otherwise lack merit and/or fail to state a claim upon which relief can be granted.  FHCHC is still in the process of evaluating Plaintiff's claims and its potential claims and defenses and reserves the right to assert defenses and claims not listed here.**

C.    <u>Defenses and Claims of Third-Party Defendants</u>

Not applicable.

IV.    STATEMENT OF UNDISPUTED FACTS

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The following material facts are undisputed:

1. FHCHC is a Connecticut corporation.

2. FHCHC's business address is 374 Grand Avenue, New Haven, Connecticut 06513.

3. Plaintiff is male.

4. Plaintiff was employed by FHCHC.

5. Plaintiff's employment began around January 20, 2020.

The parties state that additional discovery will be needed before they can assess whether to stipulate to any additional undisputed facts.

V.    CASE MANAGEMENT PLAN

A.    <u>Initial Disclosures</u>

Pursuant to this Court's Order dated November 10, 2021 (ECF 10), the Court's Initial Discovery Protocols supersedes the Parties' Initial Disclosure Obligations.  The Parties wish to advise the Court that they may need additional time beyond the time provided in the Initial Discovery Protocols to produce the information and documents identified in the Initial Discovery Protocols and that, if additional time is required, they will submit appropriate Motions.

B.    <u>Scheduling Conference with the Court</u>

1.    The parties request to be excused from holding a pretrial conference with the Court before the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.    The parties prefer that a scheduling conference, if held, be conducted by telephone.

C.    <u>Early Settlement Conference</u>

1.    The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.   Settlement may be facilitated by use of the following procedure: informal settlement negotiation.

2.    The parties do not request an early settlement conference at this time.   The parties will jointly advise the Court if they seek a settlement conference.

3.    The parties prefer a settlement conference, if/when such a conference is held, with a magistrate judge.

4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.  However, the parties will reevaluate the appropriateness of alternative dispute resolution as discovery progresses.

**D.** **Joinder of Parties, Amendment of Pleadings and Motions Addressed to the Pleadings**

At this time, the parties do not believe that additional parties may need to be joined, and do not believe that further amendment to the pleadings are necessary; however, in the event that such joinder and/or amendment is necessary:

1.      Plaintiff should be allowed until January 10, 2022 to file motions to join additional parties and until January 10, 2022 to file motions to amend the pleadings.

2.      Defendant should be allowed until January 10, 2022 to file motions to join additional parties.

**E.** **Discovery**

a.      Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's Position:  Plaintiff's position is that discovery will be required concerning: (1)  the rates at which Defendant paid Plaintiff versus the rates at which Defendant paid similarly-situated female comparators, and the length of any discrepancy;   (2) Plaintiff's conversations with representatives of Defendant concerning his alleged pay disparity; (3) Defendant's response to Plaintiff making Defendant aware of the discrepancy in his pay as compared to similarly situated

female comparators; (4) the circumstances surrounding Plaintiff's cessation of employment with Defendant; and (5) Plaintiff's damages.

Defendant's Position:  Defendant's position is that discovery will be required regarding the factual basis for Plaintiff's claims and Plaintiff's alleged damages, including but not limited to:  (1) Plaintiff's purported statements regarding his compensation; (2) the nature and alleged extent of Plaintiff's alleged categories of damages; (3) and Plaintiff's efforts to mitigate his alleged damages.  Defendant is still evaluating Plaintiff's claims and what it may need discovery on and reserves the right to seek discovery not identified here.

The parties do not waive any right to object to discovery.

b.      Written discovery may be propounded 30 days after receipt of Initial Discovery Protocols.  Unless extended by agreement or court order upon motion, objections to written discovery shall be provided within 60 days of receipt of discovery requests.  Unless extended by agreement or court order upon motion, responses to written discovery request shall be provided within 60 days of receipt of discovery requests.

c.      Discovery or depositions of fact witnesses will be completed by February 24, 2023. Discovery including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by March 31, 2023.

d.      Discovery will not be conducted in phases.

e.      (If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by). Not applicable.

f.      The parties anticipate that the Plaintiff will not require more than 10 depositions of fact witnesses and FHCHC will not require more than 10 deposition(s) of fact witnesses.  The depositions of fact witnesses will commence as soon as practicable and be completed by February 24, 2023.

g.      The parties may request permission to serve more than 25 interrogatories, if necessary.  The parties reserve the right to object to any request by the opposing party for permission to serve more than 25 interrogatories.

h.      Plaintiff may call expert witnesses at trial.  Defendant may call expert witnesses at trial.

i.      If expert witnesses are required, Plaintiff will designate all trial experts and provide Defendant with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 1, 2022.  Depositions of any such experts will be completed by November 1, 2022.

j.      Defendant will designate all trial experts and provide Plaintiff with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 1, 2023.  Depositions of such experts will be completed by March 31, 2023.

k.      A damage analysis will be provided by any party who has a claim or counterclaim for damages by July 1, 2022.

l.      Undersigned counsel, after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved, and self-represented parties have discussed the disclosure and preservation of

electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: The parties will undertake efforts to preserve any electronically stored information relevant to this action.

m.      Undersigned counsel, after consultation with their clients, and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information: Such information will be disclosed in a reasonably usable form.

n.      Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-production protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production.  Each party will use best efforts to identify privileged or work-production documents and will assert claims of privilege before production with a reservation of right to assert the claim post-production for good cause shown.  Upon a post-production claim of privilege, their parties and their

counsel agree that they will not make further copies, electronic or otherwise, of the documents or show them to parties that have not already received them until such claim of privilege is resolved.

      F.    <u>Other Scheduling Issues</u>

The parties do not propose any additional schedule aside from those contemplated by the Local Rules.

      G.    <u>Summary Judgment Motions</u>

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before May 12, 2023.

      H.    <u>Joint Trial Memo</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by June 2, 2023 if no dispositive motion or motions are filed.  In the event a dispositive motion or motions are filed, the joint trial memorandum shall be filed no later than sixty (60) days after a ruling on the dispositive motion or motions.

**VI.    TRIAL READINESS**

The case will be ready for trial by July 7, 2023 if no dispositive motion is filed or thirty (30) days from submission of the Joint Trial Memorandum if a dispositive motion is filed.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, ALEJANDRO LEZAMA,

By: /s/ *Matthew D. Paradisi*
      Matthew D. Paradisi (ct29915)
      mparadisi@cicchielloesq.com
      Cicchiello & Cicchiello, LLP
      364 Franklin Avenue
      Hartford, CT 06114
      Tel. (860) 296-3457
      Fax (860) 296-0676


DEFENDANT, FAIR HAVEN COMMUNITY
HEALTH CLINIC, INC.

By: /s/ *Brendan N. Gooley*
      James M. Sconzo
      Brendan N. Gooley
      jsconzo@carltonfields.com
      bgooley@carltonfields.com
      Carlton Fields, P.A.P.C.
      One State Street, Suite 1800
      Hartford, CT 06103-3102
      Tel. (860) 392-5000
      Fax (860) 392-5058

## <u>CERTIFICATION</u>

      I hereby certify that on this 19th day of January, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                         _/s/ *Brendan N. Gooley*_
                         Brendan N. Gooley